**SO ORDERED.**

**SIGNED March 13, 2006.**



_____
**HENLEY A. HUNTER
UNITED STATES BANKRUPTCY JUDGE**

_____

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | |
|---|---|
| IN RE: | CASE NO: 03-30871 |
| CLIFTON L. MILLS | |
| KIMBERLY M. MILLS | |
| (Debtors) | |
| CLIFTON L. MILLS | |
| KIMBERLY M. MILLS | |
| (Plaintiffs) | |
| VERSUS: | ADVERSARY NUMBER: 05-3011 |
| REGIONS BANK | |
| (Defendant) | |

## REASONS FOR DECISION

This matter comes before the Court on the Motion for Relief from Judgment filed by the defendant, Regions Bank. This is a core proceeding under 28 U.S.C. §157(b)(2)(A), (K) and (O). This Court has jurisdiction pursuant to 28 U.S.C. §1334 and by virtue of the reference by the District

1

Court pursuant to Local Bankruptcy Rule 83.4.1, incorporated into Local Bankruptcy Rule 9029.3. No party has sought to withdraw the reference, nor has the District Court done so on its own motion. This Court makes the following Findings of Fact and Conclusions of Law in accordance with F.R.B.P. 7052. Pursuant to these reasons, the Motion is denied.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

This proceeding originated as a motion by the Debtors in the related bankruptcy case to test the validity and priority of a lien allegedly held by Regions Bank on certain government support payments. The Court had previously reopened the case to permit the matter to be presented in the form of a compromise in lieu of an adversary proceeding. However, both Regions and the Chapter 7 Trustee, Ms. Lucy Sikes, objected to the Compromise.[1] Accordingly, on February 1, 2005, the Court dismissed the Motion to Compromise without prejudice to either the filing of an adversary proceeding in accordance with Federal Rule of Bankruptcy Procedure 7001 or the filing of an objection by the Chapter 7 Trustee to the claim of Regions Bank. If an objection was filed to the claim, the Court directed it be noticed for a hearing. Order dated February 1, 2005. [Document No. 53]

No objection to the proof of claim was filed. Debtors filed this Adversary Proceeding on March 24, 2005, naming Regions Bank as a defendant. Service was effected and accepted by Mr. J. Edward Patton, Attorney at Law, with the firm of Creed and Creed. Notice filed August 2, 2006. [Doc. 7]

---

[1]The Trustee's objection stated that she had not been able to review the documents, since no exhibits were on file with the court. The Trustee filed a no distribution report on August 21, 2003. The case was closed on April 13, 2004. The proofs of claim filed on behalf of Regions Bank on December 1, 2003, have extensive documentation attached.

Thereafter, as noted in Plaintiffs' memorandum in opposition to the Motion for Relief from Judgment, Mr. Patton participated in the adversary proceeding by joining in a Preliminary Pre-Trial Order and attending a Pre-Trial Conference on August 3, 2005. At that conference, the parties were allowed 60 days to file Cross Motions for Summary Judgment. [Doc. 9] Thereafter, Mr. Patton also joined in a joint motion to extend the time to file the cross motions. [Doc. 11] An Order was entered on October 11, 2005, extending the time to file cross-motions to and including November 1, 2005.

Thereafter, only the plaintiffs filed a Motion for Summary Judgment, accompanied by various exhibits, a Statement of Uncontested Material Facts, and a memorandum in support of the motion on December 19, 2005. The motion was noticed for a hearing on February 1, 2006. No cross motion or opposition was filed on behalf of Regions and no appearance was made at the hearing. The Motion for Summary Judgment was granted. An Order was signed on February 6, 2006. On February 8, 2006, the firm of Creed and Creed filed a Motion to substitute Christian C. Creed as attorney for J. Edward Patton, II. On February 10, 2006, the Motion for relief from the Judgment was filed.

The thrust of the motion under F.R.B.P. 60(b), made applicable to this proceeding under F.R.B.P. 7024, is that Mr. Patton, whose position with the Creed and Creed firm was: "of Counsel" was frequently absent from the office during the Christmas and New Year's holiday season of 2005. Thereafter, on or about January 17th, he "abruptly left his 'Of Counsel' position without providing status information, including hearing dates and/or deadlines, on any number of files to anyone." Memorandum, page 2. The memorandum recites that "...current counsel learned of the pendency of plaintiffs' motion, and the fact that it had been granted, only after the fact and through a

3

discussion a member of his staff had with plaintiffs' counsel."

Plaintiffs oppose the relief, noting the extensive participation in the adversary proceeding by Mr. Patton.[2]  This Court concurs.  Although the Plaintiffs' motion was not filed within the time set forth in the extension order, it was filed on December 19th, and the hearing date was fixed for February 1, 2006, two weeks after the date of Mr. Patton's abrupt departure.  Movant has not elaborated on the firm's efforts, if any, to review and determine the deadlines on "any number of files" during that interval and has made no showing that the files were unavailable for such review.

The burden for equitable relief under F.R.C.P. 60(b)(1), incorporated into contested matters in bankruptcy cases by F.R.B.P. 9024, is discussed in *In re Anderson*, 330 B.R. 180 (Bkrcy. S.D. TX 2005).  Relief may be granted for excusable neglect or any other reason.  This Court can perceive of no "other reason" to vacate an order entered after notice and a hearing.  The *Anderson* Court also discussed the factors used to determine if neglect can be characterized as "excusable" as enunciated by the Supreme Court in *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership,* 507 U.S. 380, 395; 11 S.Ct 14898, 123 L.Ed2d 74(1993), noting that the actions of both movant and counsel are the proper focus in the determination of whether the neglect was excusable. The factors are the danger of prejudice to the debtors, the potential impact on judicial proceedings, the reasons for the neglect, including whether it was in the reasonable control of the movant, and whether the movant acted in good faith.

Applying these factors, the debtors' effort to bring the issue to a conclusion began in July, 2004, when the debtors sought to have the case reopened for the purpose of determining the ranking

---

[2]Plaintiffs' counsel also notes that he and Mr. Patton had numerous exchanges by e-mail, letters and telephone conversations, although these matters are not in the record.  Memorandum in Opposition, page 2.

4

05-03011 - #32  File 03/13/06  Enter 03/13/06 15:52:44  Main Document  Pg 4 of 5

and validity of the lien. The Court has also had the matter on its docket, either in the bankruptcy case or this proceeding, since that time. Further delay will not only prejudice the debtors but will also put the adversary proceeding back on the court's calendar and delay the reclosing of the bankruptcy case. The reasons for neglect are specious. Like the notice at issue in *Anderson*, the notice here to Mr. Patton constituted constructive notice to his colleagues in the same firm. Nothing here suggests that the firm moved with rapidity to review Mr. Patton's files. An appearance by a member of the firm at the February 1st hearing (two weeks after Patton's so-called abrupt departure) to request time to respond under these circumstances might have saved the day.

## CONCLUSION

Pursuant to these reasons, the Motion for Relief from Judgment is **DENIED**. A separate and conforming Order shall enter.

# # #