05-3011

FILED

06 AUG -9 AM 10: 35

U.S. BANKRUPTCY COURT
WESTERN DISTRICT OF LA

03-30871

Clerk U S Bankruptcy Court
300 Fannin St Ste 2201
Shreveport, LA 71101

---

Case: 3:06-cv-00565   #18
12 pages.  Printed: Tue Aug  1 15:01:16 2006

---

YOU COULD RECEIVE THIS NOTICE AS SOON AS
IT IS ENTERED INTO THE COURT'S RECORD

The Clerk now provides E-mail notice of entry of all documents filed in our court. This includes pleadings filed by your opposing counsel as well as rulings, orders and judgments of the court.

This E-mail Notice of Filing allows you to view the actual document immediately after it is entered into the court's record.  You can then print or save a copy of the document on your computer.

To sign up for this valuable service or to find out more information, please visit our website at www.lawd.uscourts.gov.  Please note that you must consent to receive E-mail notification via our online sign-up form. A written request to the Clerk is not an acceptable form of registration.

You can also provide additional E-mail addresses when you sign up. This will be particularly useful if you want a staff member to assist you with monitoring the filings in your cases.

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| REGIONS BANK | CIVIL ACTION NO. 06-0565 |
| VERSUS | JUDGE ROBERT G. JAMES |
| CLIFTON L. MILLS, ET AL. | MAG. JUDGE MARK L. HORNSBY |

OPINION

Pending before this Court is an Appeal [Doc. No. 1], brought by Regions Bank from a Judgment rendered on February 6, 2006, and an Order rendered on March 13, 2006, by the United States Bankruptcy Court for the Western District of Louisiana ("Bankruptcy Court"). For the following reasons, the Bankruptcy Court's Judgment and Order are AFFIRMED, and Regions Bank's Appeal is DENIED.

I. FACTS AND PROCEDURAL HISTORY

This action arises out of an adversary proceeding instituted by Appellees Clifton L. Mills and Kimberly Mills (collectively "the Mills") to determine the validity of Appellant Regions Bank's claim of security interest in the Mills' post-petition farm subsidy payments.

The Mills are farmers who have applied for and received yearly direct payments, counter-cyclical payments, and loan deficiency payments under the Farm and Security Rural Investment Act of 2002, 7 U.S.C. § 7913, *et seq.* ("Farm Act"). Payments that are authorized by the Farm Act are issued by the Farm Service Agency ("FSA").[1] Pursuant to the Farm Act, the Mills were authorized

---

[1]The FSA is a division of the United States Department of Agriculture.

to assign subsidy payments as collateral.[2]

On August 29, 2002, the Mills entered into an agreement with Regions Bank whereby they assigned to the bank a security interest in their 2002 crops, gin rebates for 2002, and direct and counter-cyclical payments for crop years 2002 through 2006.[3]

In 2002, the Mills conducted farming operations and applied for and received subsidy payments from the FSA.

On April 14, 2003, the Mills filed a petition for Chapter 7 bankruptcy.[4] At the time of filing, Regions Bank was a secured creditor in the approximate amount of $91,529.40.

The Mills did not farm during the 2003 crop year and did not apply for subsidy payments from the FSA.

On December 1, 2003, Regions Bank filed a Proof of Claim asserting its rights to any subsidy payments the Mills received or were to receive for crop years 2002 through 2006.[5]

On February 4, 2004, the Mills were discharged from bankruptcy. Their case was closed on April 13, 2004.

During the 2004 crop year, the Mills resumed their farming operations. The Mills applied for and received subsidy payments from the FSA that year. The FSA made checks payable to both

---

[2] *See* 7 U.S.C. § 7995.

[3] Although Regions Bank held a security interest in the Mills 2002 crops and 2002 gin rebates, for purposes of this appeal, the only items contested are the direct and counter-cyclical payments authorized by the Farm Act.

[4] *In re Clifton L. Mills and Kimberly M. Mills*, 03-30871, United States Bankruptcy Court, Western District of Louisiana.

[5] Regions Bank received funds attributable to subsidy payments that the Mills received from the FSA for the 2002 crop year. Therefore, the only subsidy payments in dispute are from the 2004 crop year.

2

Regions Bank and the Mills.

On July 16, 2004, the Mills moved to re-open their bankruptcy case for the purpose of determining the rank and validity of Regions Bank's claimed security interest in their 2004 subsidy payments. The Bankruptcy Court re-opened the case on July 20, 2004.

On September 14, 2004, the Mills filed a Motion to Compromise, seeking to have its apparent settlement with Regions Bank approved by the Court. However, Regions Bank and the Chapter 7 Trustee, Lucy Sikes, objected to the compromise for various reasons.

Therefore, on March 24, 2005, the Mills filed an adversary proceeding to test the validity of Regions Bank's claim.[6] On October 11, 2005, the Bankruptcy Court ordered the parties to file cross-motions for summary judgment no later than November 1, 2005.

On December 19, 2005, the Mills filed their Motion for Summary Judgment.[7] In the Mills' Motion for Summary Judgment, they argued that Regions Bank was not entitled to subsidy payments the Mills applied for and received subsequent to their bankruptcy filing. Regions Bank did not file a cross-motion for summary judgment or respond to the Mills' Motion for Summary Judgment.

On February 6, 2006, the Bankruptcy Court entered Judgment in favor of the Mills and held that "any claim of lien or security interest by [Regions Bank] as against government farm subsidy payments acquired by [the Mills] post-petition is invalid and of no effect."

On February 10, 2006, Regions Bank filed a Motion for Relief from Judgment. Regions Bank argued that its counsel, Christian Creed ("Creed"), failed to respond to the Mills' Motion for

---

[6]*Mills v. Regions Bank*, Adversary Proceeding, No. 05-03011, United States Bankruptcy Court, Western District of Louisiana.

[7]The Bankruptcy Court accepted the Mills' Motion for Summary Judgment, even though it was submitted untimely.

3

Summary Judgment because the attorney from Creed's law firm handling the matter, J. Edward Patton ("Patton"), abruptly terminated his employment and did not inform Creed of the status of the Mills' case. Because Creed's law firm was not aware of any deadlines issued by the Bankruptcy Court, Regions Bank contended that it was entitled to relief from judgment because of excusable neglect.

On March 13, 2006, the Bankruptcy Court entered an Order denying Regions Bank's Motion for Relief from Judgment. Regions Bank now appeals the Bankruptcy Court's February 6, 2006 Judgment, and the Bankruptcy Court's March 13, 2006 Order.

## II.  ISSUES ON APPEAL

Regions Bank presents two issues for review:

(1) Did the Bankruptcy Court err as a matter of law when it entered the February 6, 2006 Judgment determining that Regions Bank's security interest in the Mills' direct and counter-cyclical subsidy payments that the Mills received from the FSA for the 2004 crop year, was invalid and had no effect?

(2) Did the Bankruptcy Court err as a matter of law when it entered the March 13, 2006 Order denying Regions Bank's Motion for Relief from Judgment?

## III.  LAW AND ANALYSIS

### A.  Jurisdiction

The Court's jurisdiction to hear appeals from orders of the bankruptcy court is conferred by 28 U.S.C. § 158(a)(1), which provides in part that "[t]he district courts of the United States shall have jurisdiction to hear appeals from final judgments, orders and decrees . . . . An appeal under this subsection shall be taken only to the district court for the judicial district in which the bankruptcy judge is serving." 28 U.S.C. § 158(a).

### B.  Standard of Review

A federal district court reviewing a bankruptcy court's decision acts as an appellate court

4

and thus applies the same standard of review generally used by a federal court of appeals. *In re Webb*, 954 F.2d 1102, 1103-04 (5th Cir. 1992). The bankruptcy court's findings of fact are examined under the clearly erroneous standard. *In re Young*, 995 F.2d 547, 548 (5th Cir. 1993). Factual findings are reversed only if, based on all of the evidence, the court is left "with the definite and firm conviction that a mistake has been made." *Id.* The bankruptcy court's conclusions of law, as well as mixed questions of law and fact, are subject to de novo review. *Matter of Gypsum Co.*, 208 F.3d 498, 504 (5th Cir. 2000).

### C. Analysis

#### 1. Post-petition Subsidy Payment

First, Regions Bank argues that the bankruptcy judge erred by finding that it did not have a security interest in the subsidy payment issued by the FSA to the Mills for the 2004 crop year. Title 11 of the United States Code, Section 552, states in pertinent part:

> (a) Except as provided in subsection (b) of this section, property acquired by the estate or by the debtor after the commencement of the case is not subject to any lien resulting from any security agreement entered into by the debtor before the commencement of the case.
>
> (b)(1) Except as provided in sections 363, 506(c), 522, 544, 545, 547, and 548 of this title, if the debtor and an entity entered into a security agreement before the commencement of the case and if the security interest created by such security agreement extends to property of the debtor acquired before the commencement of the case and to proceeds, products, offspring, or profits of such property, then such security interest extends to such proceeds, products, offspring, or profits acquired by the estate after the commencement of the case to the extent provided by such security agreement and by applicable nonbankruptcy law, except to any extent that the court, after notice and a hearing and based on the equities of the race, orders otherwise . . .

11 U.S.C. § 552(a)-(b)(1).

Regions Bank argues that its security interest falls within the exception in 11 U.S.C. § 522(b)(1). Because Regions Bank had a pre-petition security interest in the Mills' subsidy

5

payments for the 2002 through 2006 crop years, it claims it is entitled to receive the Mills' post-petition subsidy payments as a proceed or product of the Mills' pre-petition property (i.e. the Mills' crops).

Regions Bank also contends that because its security agreement with the Mills describes subsidy payments as a form of collateral and Louisiana law describes proceeds as a form of what may be collected on collateral,[8] it is entitled to the proceeds or products of the Mills' post-petition property.

The Mills contend that Regions Bank is not entitled to collect on the subsidy payments for the 2004 crop year because the Mills applied for and received those payments post-petition and post-discharge. In particular, the Mills argue that farmers must file an application to receive subsidy payments from the FSA each year; therefore, the subsidy payments for the 2004 crop year cannot be proceeds or products of their pre-petition property. The Mills also contend that allowing Regions Bank to collect on the 2004 subsidy payment will frustrate the fresh start contemplated by the drafters of the Bankruptcy Code.

The bankruptcy judge found that, based on all the evidence presented by the Mills in their unopposed Motion for Summary Judgment, Regions Bank was not entitled to its claim of security interest in the Mills' post-petition FSA subsidy payments. After having conducted a *de novo* review, this Court finds that the bankruptcy judge did not err as a matter of law.

Ordinarily, "[f]or a pre-petition security agreement to attach to after-acquired property, a creditor must show the following: 1) the security agreement extends to the after-acquired

---

[8] The official revised comments to La. Rev. Stat. § 10:9-102 provides that proceeds are "...what is acquired from, collected on, distributed on account of, or arising from the collateral." *See* La. Rev. Stat. § 10:9-102 (official comment 64(c)).

6

property upon which the creditor seeks the lien, and 2) the after-acquired property is proceeds, product, offspring, rents, or profits of pre-petition property subject to the lien." *In re Cafeteria Operators, L.P.*, 299 B.R. 400, 405 (Bankr. N.D. Tex. 2003) (citing *T-H New Orleans Ltd. v. Financial Sec. Assurance, Inc.*, 10 F.3d 1099, 1104 (5th Cir. 1993)).

In *In re Kruse*, 35 B.R. 958 (Bankr. D. Kan. 1983), a bankruptcy court dealt with an analogous issue. In *Kruse*, the debtors executed a renewal note with the Production Credit Association ("PCA") to operate their farm during the 1982 crop year. *Id.* at 960. The note was secured by a security interest in the debtors' crops and "all additions, accessions, replacements, substitutions, proceeds and products therefrom . . ."[9] *Id.* On January 4, 1983, the debtors filed their petition for Chapter 7 bankruptcy. *Id.* On April 25, 1983, the debtors applied to participate in the Department of Agriculture's Payment-In-Kind Program ("PIK").[10] *Id.*

PCA claimed it had a security interest in the PIK program funds received by the debtors, arguing that these benefits were proceeds of the crops planted in 1982. *Id.* at 965-66. The bankruptcy court held that, while PCA had a security interest in the PIK program funds received by the debtors on account of crops planted pre-petition, the PCA did not have a security interest in the PIK program funds received post-petition. *Id.* at 966. Citing 11 U.S.C. § 552(b), the bankruptcy court determined that "[i]f the collateral [crops] . . . [were] free of pre-bankruptcy liens, then any proceeds of the collateral must also be free of pre-bankruptcy liens." *Id.*

Similar to *Kruse*, although Regions Bank had a security interest in the Mills' 2002 crops

---

[9]The Court notes that, while the security agreement in *Kruse* is different from the security agreement entered between the Mills and Regions Bank, the factual situation and principles are similar in nature.

[10]The PIK program is similar to the Farm Act, whereby it provides government assistance to farmers in the form of subsidy payments. *Kruse*, 35 B.R. at 961-62.

7

and collateral of the crops pre-petition, it did not have a security interest in the Mills' crops and collateral of the crops (i.e. FSA subsidy payments) post-petition. *See In re Lorenz*, 57 B.R. 734, 736 (Bankr. N.D. Ill. 1986) (holding that a bank's security interest did not encompass cash proceeds generated by crops planted and harvested after the filing of the debtor's bankruptcy); *see also In re Randall*, 58 B.R. 289, 290-91 (Bankr. C.D. Ill. 1986) (finding that bank did not have a security interest in property (crops) planted post-petition); *In re Drewes*, 68 B.R. 153, 155 (Bankr. N.D. Iowa 1986) (finding that bank failed to establish through evidence that post-petition crops and proceeds from crops were subject to pre-petition security interest); *In re Smith*, 72 B.R. 344, 348-49 (Bankr. S.D. Ohio 1987) (same); *In re Sheehan*, 38 B.R. 859, 863-64 (Bankr. S.D. 1984) (same).

In support of their Motion for Summary Judgment, the Mills provided affidavits of Clifton L. Mills and David F. Cooper, III ("Cooper"), who testified that in order to receive FSA subsidy payments, farmers are required to file a separate application each year. Cooper also testified that subsidy payments are authorized in amounts based on the percentage of land being farmed and crops being produced in a specific given year. Therefore, to obtain government assistance for the 2004 crop year, the Mills were required to fill out a new and separate application for subsidy payments, regardless of whether they received subsidy payments for the 2002 crop year.

Under the facts and circumstances of this case, the bankruptcy judge did not err as a matter of law when he found that Regions Bank did not have a security interest in the Mills' post-petition subsidy payments.

### 2. Relief from Judgment

Regions Bank next argues that the bankruptcy judge erred as a matter of law by denying

8

its Motion for Relief from Judgment of the Bankruptcy Court's Judgment entered on February 6, 2006, under Rule 60(b) of the Federal Rules of Civil Procedure.

A challenge as to the validity of a court order based on excusable neglect is cognizable under Rule 60(b) of the Federal Rules of Civil Procedure, which is made applicable to bankruptcy proceedings through Rule 9024 of the Federal Rules of Bankruptcy Procedure. Rule 60(b) reads in pertinent part, "[o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect . . ." Fed. R. Civ. P. 60(b).

The United States Supreme Court has adopted four factors to use to determine whether neglect may be characterized as excusable. These factors include: "(1) the danger of prejudice to the debtor; (2) the potential impact on judicial proceedings; (3) the reason for the neglect including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith." *See In re Anderson*, 330 B.R. 180, 189 (Bankr. S.D. Tex. 2005) (citing *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd.*, 507 U.S. 380, 395-96 (1993)).

Regions Bank's attorney, Creed, contends that he was not aware of the overdue deadlines because the attorney who was handling the Mills matter failed to inform him of any deadlines in the case. Regions Bank also contends that Creed was not made aware of these deadlines until after Patton abruptly terminated his employment in December 2005. Creed argues that under these circumstances its Motion for Relief from Judgment should be granted because of excusable neglect.

After review, the bankruptcy judge determined that the reasons advanced by Regions Bank for failing to timely respond to the Bankruptcy Court's deadlines did not amount to

9

excusable neglect. The bankruptcy judge found that the matter had been on the docket for some time and that notice to Patton of deadlines acted as constructive notice to Creed's law firm. In addition, the bankruptcy judge found that Creed's law firm had an opportunity to appear at a hearing on February 1, 2006, to discuss the Mills' Motion for Summary Judgment and address any missed deadlines after Patton's abrupt departure, but failed to appear.

Under the facts and circumstances of this case, the bankruptcy judge did not err as a matter of law when he found that Regions Bank's reasons for failing to respond to the Bankruptcy Court's deadlines did not constitute excusable neglect. *See Anderson*, 330 B.R. at 189 (excusable neglect is not present when counsel had ample opportunity to cure deficiencies in bankruptcy proceeding).

## IV. CONCLUSION

For the foregoing reasons, the Bankruptcy Court's February 6, 2006 Judgment, and March 13, 2006 Order are AFFIRMED, and Regions Bank's Appeal [Doc. No. 1] is DENIED.

MONROE, LOUISIANA, this 1st day of August, 2006.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

10

Western District of Louisiana

Notice of Electronic Filing

The following transaction was entered on 8/1/2006 at 2:57 PM CDT and filed on 8/1/2006

Case Name: Regions Bank v. Mills et al
Case Number: 3:06-cv-565
https://ecf.lawd.uscourts.gov/cgi-bin/DktRpt.pl?98289

Document Number: 18
Copy the URL address from the line below into the location bar of your Web browser to view the document:
https://ecf.lawd.uscourts.gov/cgi-bin/show_case_doc?18,98289,,MAGIC,,,65

Docket Text:
OPINION: For the reasons stated in this Opinion, the Bankruptcy Court's February 6, 2006 Judgment, and March 13, 2006 Order are AFFIRMED, and Regions Bank's Appeal [Doc. No. 1] is DENIED. Signed by Judge Robert G James on 8/1/06. (crt,Dickerson, D)

The following document(s) are associated with this transaction:
Document description: Main Document
Original filename: n/a
Electronic document Stamp:
[STAMP dcecfStamp_ID=1045083339 [Date=8/1/2006] [FileNumber=1076431-0]
[a4376a11d0bd18cb49cd0caf44479528359ee8bcefa1dc433091d4c8627fb844e59a208b80
7119fd197f240a4387dc47578c5882dae9856868a90d960f45242a]]

3:06-cv-565 Notice will be electronically mailed to:
James W Berry  jimb@bayou.com

Christian C Creed  feddept@creedlaw.com

3:06-cv-565 Notice will be delivered by other means to:
Clerk U S Bankruptcy Court
300 Fannin St Ste 2201
Shreveport, LA 71101

Henley A Hunter
U S Bankruptcy Judge
300 Jackson St Ste 201
Alexandria, LA 71301